[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff landlord seeks to evict the defendant from an apartment at 12 Bartlett Street, New Britain, Connecticut. The complaint is brought in two counts, the first under C.G.S. §47a-23(a)(2) and the second under C.G.S. § 47a-23(a)(3). The defendant denied the allegations as to his right or privilege and pleaded a number of special defenses. Of those only the defense of physical disability under C.G.S. § 47a-23c is applicable to this cause of action.
Procedural History
In this second attempt by the plaintiff to evict this defendant, the plaintiff served the Notice to Quit on August 25, 1995. The reasons for the Notice included "never had the right or privilege to occupy" and "where you once had the right or privilege to occupy, other than under a rental agreement or lease, now you no longer have the right or privilege to occupy." On October 13, 1995, this action was initiated. The defendant filed a pro se appearance, answer and special defenses. The case was placed on the dormancy list on February 21, 1996, when the plaintiff filed a reply to the special defenses. The case was assigned for a contested hearing on March 6, 1996 when judgment entered by default for the defendant's failure to appear for trial. On March 12, 1996 the defendant filed a Motion to Open Judgment which was granted on March 20, 1996 and a trial was held.
Discussion
Since the Notice to Quit was served prior to October 1, 1995, the plaintiff proceeded under C.G.S. § 47a-23(a)(3) as it read prior to its amendment deleting the following highlighted language: CT Page 2417
 when one originally had the right or privilege to occupy such premises other than under a rental agreement or lease
but such right or privilege has terminated
Based upon the testimony of James Williams, Property Manager for the City of New Britain as well as the testimony of the defendant and the exhibits introduced by both parties the court finds that the plaintiff has proved the allegations of the first count of the complaint. While there was testimony that the defendant moved into the apartment in January 1993, with Evelyn Grajales, who signed a written lease, the defendant did not sign any lease or document that could be characterized as a rental agreement with the plaintiff nor did he ever pay rent to the plaintiff. There was no persuasive testimony of an oral agreement between the parties as defined under § 47a-1(I). Accordingly, the court finds that there was no rental agreement between the parties, and that by the actions of the plaintiff the defendant's right to occupy has terminated.
Having found for the plaintiff on its complaint, the court considers the defendant's special defense under C.G.S. § 47a-23c. In (b)(1) of that the statute a landlord is prohibited from bringing a summary process action against a tenant who is physically disabled as defined in section 1-1f, but only if such disability can be expected to result in death or to last for a continuous period of at least twelve months. C.G.S. § 1-1f
defines "physically disabled as follows:
 (b) An individual is physically disabled if he has any chronic physical handicap, infirmity or impairment, whether congenital or resulting from bodily injury, organic processes or changes or from illness, including, but not limited to, epilepsy, deafness or hearing impairment or reliance on a wheelchair or other remedial appliance or device.
The only evidence produced as to the defendant's physical disability was a January 23, 1996, letter from Arnold A. Rossi, M.D., a neurosurgeon that indicated the defendant has continuing lower back pain. While the statute appears to apply to this action under O'Brien Properties, Inc. v. Rodriguez, 215 Conn. 367
(1990), the defendant has not provided sufficient evidence to prove that he falls within the protected class. CT Page 2418
For the reasons stated above, judgment of possession may enter in favor of the plaintiff because the defendant's right or privilege to occupy other than under a rental agreement or lease has terminated.
Alexandra Davis DiPentima, Judge